## NO. 16-56725

## IN THE

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

DIANE WEINSHEIMER,

Plaintiff-Appellant,

v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., et al.,

Defendants-Appellees.

---

**Appeal from a judgment of the
United States District Court
For the Central District of California
Hon. David O. Carter, District Judge
Case no. 8:16-cv-00991-DOC-KES**

---

### APPELLANT'S OPENING BRIEF

Richard L. Antognini
(CA Bar No. 075711)
LAW OFFICE OF
RICHARD L. ANTOGNINI
2036 Nevada City Highway, Suite 636
Grass Valley, California 95945-7700
Telephone: (916) 295-4896
E-Mail:    rlalawyer@yahoo.com

Attorneys for Plaintiff-Appellant
DIANE WEINSHEIMER

# TABLE OF CONTENTS

**Page**

GLOSSARY   1

INTRODUCTION   3

STATEMENT OF JURISDICTION   3

ISSUES PRESENTED   3

STATEMENT OF THE CASE AND FACTS   5

I. Background: securitization of home loans   5

II. Multiple trusts assert they own Weinsheimer's loan.   6

III. Three assignments add to the confusion.   7

IV. The allegations of Weinsheimer's Second Amended Complaint.   8

V. The District Court dismissed the Second Amended Complaint.   15

SUMMARY OF ARGUMENT   16

ARGUMENT   18

I. The standard of review is *de novo.*   18

II. Weinsheimer alleged Assignment Two was void because that assignment had nothing to transfer.   18

III. Assignment Three was void because it transferred the deed of trust, but not the promissory note.   24

**Page**

IV. Assignment One was invalid because it assigned the deed of trust to an entity that did not exist.                                                           27

V. Because Weinsheimer alleged the assignments were void, she alleged claims under Civil Code sections 2924 (a) (6) and 2924.17 (b).                    28

CONCLUSION                                                                             34

CERTIFICATE OF RELATED CASES-CIRCUIT RULE 28-2.6                                                              36

RULE 32 CERTIFICATE OF COMPLIANCE                      37

CERTIFICATE OF SERVICE                                                        38

# TABLE OF AUTHORITIES

**Page**

## Federal Cases

*In re Veal,* 450 B.R. 897 (9th Cir. BAP 2011) — 25

*Intri-Plex Techs., Inc. v Crest Group, Inc.,*
499 F.3d 1048 (9th Cir. 2007) — 18, 27, 34

*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005) — 18

*Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.,*
368 F.3d 1053 (9th Cir. 2004) — 18

*United States v. Richie,* 342 F.3d 903 (9th Cir. 2003) — 21

## California Cases

*California Bank & Trust v. Piedmont Operating Partnership,*
218 Cal.App.4th 1322 (2013) — 22

*Glaski v. Bank of America,* 218 Cal.App.4th 1079 (2013) — 5,

*Kelley v. Upshaw,* 39 Cal.2d 179 (1952) — 25

*Lucioni v. Bank of America,* 3 Cal.App.5th 150 (2016) — 29, 30, 31

*Mabry v. Superior Court,* 185 Cal.App.4th 208 (2010) — 32

*Rose v. Bank of America,* 57 Cal.4th 390 (2013) — 31, 34

*Sciarratta v. US Bank, N.A.,* 247 Cal.App.4th 552 (2016) — 20, 22, 26

*Yvanova v. New Century Mortgage Corp.,* 62 Cal.4th 919 (2016) — 19, 24, 25, 26, 28

**Federal Statutes**     **Page**

15 U.S.C. § 1641 (g)     3, 9

28 U.S.C. § 1291     3

28 U.S.C. § 1331     3

28 U.S.C. § 1441     3

**California Statutes**

Business and Professions Code section 17200 *et seq.*     9, 10, 14, 17, 30, 31

Civil Code section 2924 (a) (6)     *Passim*

Civil Code section 2924.12 (a) (1)     33

Civil Code 2924.17 (b)     *Passim*

Civil Code section 2934 (a)     9

**Federal Rules of Appellate Procedure**

Rule 4 (a) (1) (A)     3

# GLOSSARY

AER---appellant's excerpts of record. Cited to by volume and page. For example, a document found on page 101 of volume 2 will be cited as 2 AER 101.

Assignment One—Dated May 6, 2010. In this assignment, Mortgage Electronic Registration Systems ("MERS") purports to assign the Weinsheimer deed of trust and promissory note to "Bank of New York Mellon, FKA Bank of New York as trustee for the Certificateholders of CWMBS 2005-HYB5" 2 AER 101.

Assignment Two—Dated October 6, 2011. MERS assigns the Weinsheimer deed of trust and promissory note to "Bank of New York Mellon as trustee for the Certificateholders of the CWMBS, Inc., CHL Mortgage Pass-Through Trust 2005-HYB5, Mortgage Pass Through Certificates, Series 2005-HYB5." 2 AER 103.

Assignment Three—This assignment, signed March 17, 2015, is a substitution of trustee and assignment of deed of trust that assigns the Weinsheimer deed of trust—but not the promissory note—to "Bank of New York Mellon fka the Bank of New York, as trustee for the Certificateholders of the CWMBS, Inc., CHL Mortgage Pass Through Certificates, Series 2005-HYB5." 2 AA 106.

BONYM—Bank of New York Mellon. BONYM purports to be the trustee of a securitized investment trust, Trust One, identified below.

MERS—Mortgage Electronic Registration Systems,

SAC—the Second Amended Complaint, filed August 22, 2016. 2 AER 59.

Shellpoint—Shellpoint Mortgage Servicing, the alleged servicer of Weinsheimer's loan.

Trust One—This securitized investment trust is described in the May 6, 2010 assignment (or "Assignment One") as "Bank of New York Mellon, FKA Bank of New York as trustee for the Certificateholders of CWMBS 2005-HYB5. 2 AER 1.

Trust Two—This securitized investment trust is described in the October 6, 2011 assignment ("Assignment Two") as "Bank of New York Mellon, as trustee for the Certificateholders of the CWMBS, Inc., CHL Mortgage Pass Through Trust 2005-HYB5, Mortgage Pass Through Certificates, Series 2005-HYB5. 2 AER 103.

Weinsheimer—plaintiff and appellant Diane Weinsheimer

## STATEMENT OF JURISDICTION

The District Court had jurisdiction under 28 U.S.C. §
1331.  The original complaint alleged a violation of federal law,
the Truth in Lending Act, 15 U.S.C. § 1641 (g).  2 AER 227-228.
The defendants properly removed the action under 28 U.S.C. §
1441.  2 AER 201-202.  This Court has appellate jurisdiction
under 28 U.S.C. § 1291 because this an appeal from a final
judgment.  1 AER 9.

The District Court dismissed the Second Amended
Complaint and entered judgment on October 21, 2016.  1 AER 1,
9.  Appellant filed her notice of appeal on November 18, 2016,
less than 30 days later.  1 AER 10. 1 AER 48.  This appeal is
timely under FRAP 4 (a) (1) (A).

## ISSUES PRESENTED

1.      Did the plaintiff sufficiently allege that a May 6,
        2010 assignment of her deed of trust was void
        because later assignments implied this first
        assignment had conveyed her loan to a non-existent
        entity?

**-3-**

2.     Did the plaintiff sufficiently allege that an October 6, 2011 assignment of her deed of trust was void because that deed had already been transferred?

3.     Did the plaintiff adequately allege that a March 17, 2015 assignment of her deed of trust was void because it did not also transfer her promissory note?

4.     Did plaintiff's allegations that these three purported assignments of her deed of trust were void state a claim for violation of California Civil Code section 2924 (a) (6)?

5.     Did plaintiff's allegations that these three purported assignments of her deed of trust were void state a claim for violation of California Civil Code 2924.17 (b)?

6.     Because the plaintiff alleged claims for violation of California Civil Code sections 2924 (a) (6) and 2924.17 (b), can she amend her complaint to request an injunction to halt those violations?

## STATEMENT OF FACTS
## AND PROCEEDINGS BELOW

### I.    Background: securitization of home loans

Diane Weinsheimer alleged that she refinanced her home through a loan from Security National Mortgage Corporation. 2 AER 62, at ¶ 13. This case arises out of three attempts to assign Weinsheimer's home loan to a securitized investment trust. The securitized trust vehicle was one force behind the home financing and refinancing boom in the last decade. *Glaski v. Bank of America,* 218 Cal.App.4th 1079, 1082 (2013).

Using this device, securities underwriters set up investment trusts, each having a trustee. Lenders would issue loans to homeowners, secured by a deed of trust that made the lender the "beneficiary" and able to enforce the deed through a power of sale. *Ibid.* The lenders would transfer the loans into the investment trust, which would sell bonds to investors. The trust used mortgage payments from borrowers to pay income to investors. *Ibid.*

## II.    Multiple trusts assert they own Weinsheimer's loan.

In Weinsheimer's case, two investment trusts claimed to own her loan. Weinsheimer will call them Trust One and Trust Two. They both had the same trustee—BONYM. 2 AER 101, 103, 106.

Trust One (also defined in the Glossary above) is identified in a May 6, 2010 "Assignment of Deed of Trust" as "Bank of New York Mellon, FKA Bank of New York as trustee for the Certificateholders of CWMBS 2005-HYB5. 2 AER 101. BONYM was its trustee. *Ibid.*

Trust Two (again defined in the Glossary above) is described in an October 6, 2011 "Assignment of Deed of Trust" as "Bank of New York Mellon, as trustee for the Certificateholders of the CWMBS, Inc., CHL Mortgage Pass Through Trust 2005-HYB5, Mortgage Pass Through Certificates, Series 2005-HYB5. 2 AER 103. BONYM is also the trustee for this trust. *Ibid.*

Trust One has the same trustee as Trust Two—Bank of New York Mellon, formerly known as the Bank of New York.

Trust One is identified in Assignment One as "Certificateholders of CWMBS 2005-HYB5." 2 AER 101.

Trust Two is identified in Assignment Two by a longer name, "CHL Mortgage Pass-Through Trust 2005-HYB5, Mortgage Pass Through Certificates, Series 2005-HYB5". 2 AER 103. The two trusts have different names, with the same trustee, BONYM. In using different names, they portray themselves as different trusts.

### III. Three assignments add to the confusion.

There are two keys to Weinsheimer's case on appeal. First, are the two trusts identified above. Second, her deed of trust was assigned three times, with different effects. Weinsheimer will call these assignments Assignment One, Assignment Two, and Assignment Three.

Assignment One is a substitution of trustee and assignment of deed of trust signed on May 6, 2010. In this assignment, Mortgage Electronic Registration Systems ("MERS") purports to assign the Weinsheimer deed of trust and promissory note to "Bank of New York Mellon, FKA Bank of

New York as trustee for the Certificateholders of CWMBS 2005-HYB5" 2 AER 101.

Assignment Two is an assignment of deed of trust signed October 6, 2011. In this assignment, MERS assigns the Weinsheimer deed of trust and promissory note to "Bank of New York Mellon as trustee for the Certificateholders of the CWMBS, Inc., CHL Mortgage Pass-Through Trust 2005-HYB5, Mortgage Pass Through Certificates, Series 2005-HYB5." 2 AER 103.

Assignment Three is an assignment of deed of trust signed March 17, 2015. This assignment claimed to assign the Weinsheimer deed of trust to "Bank of New York Mellon fka the Bank of New York, as trustee for the Certificateholders of the CWMBS, Inc., CHL Mortgage Pass Through Certificates, Series 2005-HYB5." 2 AER 106. But, the assignment has no language stating it also is an assignment of the promissory note for Weinsheimer's home loan.

## IV. The allegations of Weinsheimer's Second Amended Complaint.

Weinsheimer filed her original complaint on April 15, 2016 in the Orange County Superior Court. 2 AER 213. She

sued MTC Financial, Inc., the foreclosure trustee (the substitute trustee that carried out any foreclosure actions), MERS, Shellpoint Mortgage Servicing, which acted as the loan servicer, and "The Bank of New Mellon as the Trustee for the CHL Mortgage Pass Through Trust 2005-HYB5, Mortgage Pass Through Certificates, Series 2005 HYB5." 2 AER 213. This last entity was Trust Two, as identified above.

Weinsheimer alleged causes of action for wrongful foreclosure, violation of California Civil Code § 2934 (a), violation of California Civil Code § 2924 (a) (6), violation of California Civil Code § 2924.17, violation of the Truth in Lending Act (or "TILA"), 15 U.S.C. § 1641 (g), and violation of California's Unfair Competition Law (or "UCL"). *Ibid.*

The defendants removed the action to the United States District Court for the Central District of California. 2 AER 200.

Weinsheimer filed a First Amended Complaint on June 29, 2016. 2 AER 134. The defendants filed a motion to dismiss, which the District Court granted with leave to amend on August 3, 2016. 2 AER 117. Weinsheimer then filed her Second Amended Complaint (or "SAC") August 22, 2016. 2 AER 59.

Weinsheimer named the same defendants---MTC Financial, MERS, Shellpoint Mortgage Servicing, and BONYM, as trustee for Trust Two. 2 AER 5. She alleged these claims: wrongful foreclosure, violation of California Civil Code § 2924 (a) (6), violation of violation of California Civil Code § 2924.17, and violation of the UCL. 2 AER 59.

Weinsheimer stated that she owned a home in Newport Beach, California. 2 AER 60, at ¶¶ 1-2. She refinanced her home loan on June 27, 2005 through Security National Mortgage Corporation. 2 AER 62, at ¶ 13. The refinance loan was $640,000. *Ibid.* She signed a promissory note and deed of trust as part of the loan transaction. 2 AER 62, at ¶ 14. She then described three assignments: Assignment One, recorded on May 19, 2010, Assignment Two signed on October 6, 2011, and Assignment Three recorded on March 26, 2015. 2 AER at ¶¶ 15-17. Finally, she alleges that MTC Financial (dba "Trustee Corps"), recorded a notice of default against her home on December 9, 2015. 2 AER 63, at ¶ 20.

Weinsheimer next charged that Trustee Corps, Shellpoint, and BONYM were taking actions to foreclose on her home,

including recording the notice of default and issuing a notice of trustee's sale.  2 AER 63, at ¶ 23.  She then alleged that "multiple alleged corrective assignments—recorded on November 7, 2011 and March 26, 2016 . . . are void on their face by trying to transfer an interest that had already had been transferred."  2 AER 63: 24-27 (formatting in original deleted).

Specifically, Assignment One, executed by MERS and recorded May 1, 2010, had assigned Weinsheimer's deed of trust and promissory note to Trust One.  Yet, Assignment Two, signed October 6, 2011, and Assignment Three, recorded on March 26, 2015, purported to assign her deed of trust to Trust Two.  (Assignment Two was made by MERS as the nominee of an unnamed principal.  From the face of the Assignments, Weinsheimer did not know of whose behalf MERS was acting when making these assignments.)  Assignments Two and Three were void because her deed of trust already had been transferred to Trust One.  2 AER 64, at ¶¶ 25-29.

Weinsheimer charged: "Therefore, the alleged corrective assignments—recorded on November 7, 2011 and March 26, 2015—are void on their face by trying to transfer an interest that

already had been transferred in 2010." 2 AER 65, at ¶ 31: 18-

20. Further:

> Therefore, it is Plaintiffs belief that (1) the lack of a
> valid assignment showing the transfer of an
> ownership interest to the Bank of New York Mellon
> or (2) the ability to appoint 'Christian Hoopes,
> Senior Director' to sign the alleged corrective
> assignment recorded on March 17, 2015—explicitly
> shows the Defendants did go forward with specific
> actions that show an intent to foreclose on the
> Plaintiff's property without any legal authority or
> standing to do so, and in violation of laws which
> were specifically enacted to protect consumers such
> as the Plaintiff from the type of abusive, deceptive,
> and unfair conduct in which Defendants engaged. 2
> AER 65: 26-29, 2 AER 66: 1-4.

Weinsheimer alleged that BONYM lacked the authority to

foreclose because it relied on Assignments Two and Three,

which were void. Those assignments were void because there

was nothing to assign—Assignment One already had transferred

the Weinsheimer deed of trust and promissory note to another

entity, Trust One. Trust One was not a party or signatory to

Assignments Two and Three. *Ibid.*

Weinsheimer based her wrongful foreclosure cause of

action on these allegations. 2 AER 65, at ¶¶s 30-33, 2 AER 66,

at ¶¶s 34-35. She next stated a claim for violation of California

Civil Code § 2924 (a) (6). Section 2924 (a) (6) provided: "No

entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust. . .."

Weinsheimer charged that BONYM, as trustee for Trust Two, was proceeding to foreclose only under Assignments Two and Three; at no time did BONYM claim to act under any authority granted by Assignment One. 2 AER 64, at ¶¶ 26-29, 2 AER 65, at ¶¶ 30-31. BONYM was relying on two void assignments, Assignment Two and Assignment Three. Both assignments were void because they attempted to convey her deed of trust when it already had been transferred to another party, Trust One. 2 AER 67, at ¶¶ 41-43, 2 AER 68, at ¶¶ 44-47. Because it relied on void assignments, BONYM did not hold the "beneficial interest" of Weinsheimer's deed of trust. It violated § 2924 (a) (6) by directing Trustee Corps to issue the notice of default, which started the foreclosure process. *Ibid.*

Weinsheimer based her third claim for relief on California Civil Code § 2924.17 (b). This statute stated: "Before recording or filing any of the documents described in subdivision (a), a

mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information."

Weinsheimer alleged that all the defendants, including Shellpoint, the loan servicer, violated this statute because they had not reviewed competent evidence that showed they had the right to foreclose. Instead, they relied on Assignments Two and Three, which were void because Assignment One had transferred her deed of trust to a third party. 2 AER 69, at ¶¶ 52-53, 2 AER 70, at ¶¶ 54-56.

The claim for relief concluded: "Therefore, by attempting to serve and record the 'Notice of Default and Election to Sell Under Deed of Trust' when Defendants should have know[n] about these void assignments, Defendants' actions were in violation of Section 2924.17." 2 AER 70: 19-22.

Weinsheimer's final claim for relief—violation of California's UCL—alleged that the violations of §§ 2924 (a) (6) and 2924.17 established the defendants engaged in illegal conduct that also violated the UCL. 2 AER 71, at ¶¶ 61-62, 2

-14-

AER 72, at ¶¶ 63-65.  The same acts were unfair and fraudulent business practices, in violation of the UCL.  *Ibid.*

### V.  The District Court dismissed the Second Amended Complaint.

The defendants moved to dismiss the SAC for failure to state a claim for relief.  2 AER 55.  On October 21, 2016, the District Court granted that motion.  A AER 1-9.

On the wrongful foreclosure claim, the District Court found that Weinsheimer could sue before a foreclosure sale to determine if the defendants had the power to foreclose.  1 AER 5.  But, it concluded Weinsheimer had that right only if she "alleged a 'specific factual basis" for challenging Defendant's authority to initiate the foreclosure."  1 AER 5.

The District Court then concluded Weinsheimer did not plead "a specific factual basis" to attack BONYM's power to foreclose.  It acknowledged that she had alleged three assignments of her deed of trust.  1 AER 6.  But, it stressed that Weinsheimer admitted the first assignment—Assignment One, recorded in 2010—was valid.  If the first assignment was valid, it did not matter if the second and third assignments were void:

> Plaintiff argues that these three documents are
> invalid. *Id.,* at ¶ 32. In support of this argument,
> Plaintiff alleges that the latter two of the three
> documents are void because the first document had
> *already assigned ownership* to the Bank of New
> York before the latter two documents were
> recorded. *Id.,* at 29. This argument is perplexing
> because it rests on the assumption that the first
> transfer to the Bank of New York was valid. If the
> first transfer was valid, it does not matter if
> subsequent transfers were void—the Bank of New
> York was validly assigned an interest in the Deed of
> Trust. Because the Bank of New York has an
> interest in the Deed of Trust, they can initiate a
> foreclosure. 1 AER 6 (italics in original).

Because BONYM was validly assigned the Weinsheimer deed of trust through Assignment One it had the power to foreclose. 1 AER 6. And, because all Weinsheimer's claims for relief rested on the premise that BONYM lacked the power to foreclose, all her claims had to be dismissed. 1 AER 7-9.

## SUMMARY OF ARGUMENT

Under *Yvanova v. New Century Mortgage Corp.,* 62 Cal.4th 919, 929-931 (2016), a party cannot initiate a foreclosure, or order its agent to do so, unless it holds the beneficial interest under the borrower's deed of trust. It can acquire that interest through an assignment of the deed of trust. *Id.* But, if that assignment is void, it has no power to foreclose.

*Id.* If it proceeds with the foreclosure, it faces liability for wrongful foreclosure. *Id.*

Diane Weinsheimer alleged the defendants sought to foreclose on her home under three assignments of her deed of trust—Assignment One, Assignment Two, and Assignment Three. She alleged Assignment One was void because the later assignments logically implied by reference that Assignment One transferred her loan to an entity that did not exist. If Assignment One was valid, she charged that Assignment Two was void, because it assigned her deed of trust even though it already had been conveyed to another party. There was nothing to assign.

Weinsheimer alleged Assignment Three was void because it transferred her deed of trust, but not her promissory note. Without the promissory note, the debt cannot be enforced through a foreclosure.

Because Weinsheimer alleged all three assignments were void, she stated claims for violation of two California statutes, Civil Code section 2924 (a) (6) and Civil Code section 2924.17 (b). By alleging violations of those statutes, she also alleged a

violation of California's Unfair Competition Law, which bars "illegal' acts. The District Court erred in dismissing her case because she pleaded three viable claims for relief.

## ARGUMENT

### I. The standard of review is de novo.

This Court reviews dismissals for failure to state a claim *de novo. Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). It will reverse a district court's decision to dismiss a complaint without leave to amend unless, after following de novo review, it finds that the complaint cannot be saved by any amendment. *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004). "Dismissal without leave to amend is improper, unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Intri-Plex Techs., Inc. v Crest Group, Inc.,* 499 F.3d 1048, 1056 (9th Cir. 2007). If one viable claim is stated, dismissal is improper. *Ibid.*

### II. Weinsheimer alleged Assignment Two was void because that assignment had nothing to transfer.

The District Court properly focused on whether one or more of the three assignments were void. In California, an

entity that initiates a foreclosure must either be the beneficiary under a borrower's deed of trust or act as the agent for the beneficiary. "[O]nly the original beneficiary, its assignee or an agent of one of these has the authority to instruct the trustee to initiate and complete a nonjudicial foreclosure sale." *Yvanova v. New Century Mortgage Corp.,* 62 Cal.4th 919, 929 (2016). A trustee can act "only at the direction of the person or entity that currently holds the note and the beneficial interest under deed of trust . . . or that entity's agent." *Id.,* at 927.

Although a party can claim the power to begin a foreclosure under an assignment of the deed of trust, the borrower has standing to challenge the assignment as "void." "If a purported assignment necessary to the chain by which the foreclosing entity claims that power is absolutely void, meaning of no legal force or effect whatsoever, the foreclosing entity has acted without legal authority by pursing a trustee's sale. . .." *Id.,* at 935 (citations omitted).

Finally, an assignment is "void" when "the assignor has no interest to assign or no authority to make the particular assignment. . .." *Id.,* at 932. For example, if a bank assigns a

deed of trust in April 2009 and then assigns the same deed of

trust in November 2009, the November 2009 assignment is

void, because there was nothing left to assign. *Sciarratta v. US*

*Bank, N.A.,* 247 Cal.App.4th 552, 564 (2016) ("a mortgage

assignment is void, not merely voidable, when the assignor 'has

nothing to assign' or 'no interest to assign').

The District Court's ruling does not stand up against these

principles. The District Court concluded that, even if

Weinsheimer alleged Assignments Two and Three were void,

she conceded that Assignment One was valid.

> Plaintiff alleges that the latter two of the three
> documents are void because the first document had
> *already assigned ownership* to the Bank of New
> York before the latter two documents were
> recorded. *Id.,* at 29. This argument is perplexing
> because it rests on the assumption that the first
> transfer to the Bank of New York was valid. If the
> first transfer was valid, it does not matter if
> subsequent transfers were void—the Bank of New
> York was validly assigned an interest in the Deed of
> Trust. 1 AER 6(italics in original).

The District Court assumed BONYM "was validly assigned

an interest in the Deed of Trust" because Assignment One,

dated May 6, 2010, transferred the deed of trust to BONYM. 1

AER 6. That was not the legal effect of Assignment One.

Assignment One transferred the deed of trust (and the promissory note) to Trust One. BONYM was merely the trustee of Trust One and did not own trust property, including any loans; Trust One owned the loan through the assignment, not BONYM.

Regardless of the District court's interpretation of Assignment One, Trust One was a separate legal entity from Trust Two. They had different names. Trust One was "Certificateholders of CWMBS2005-HYB5." 2 AER 101. Trust Two was "Certificateholders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2005-HYB5, Mortgage Pass Through Certificates, Series 2005-HYB5." 1 AER 106.

Assignment One purported to transfer the deed of trust to Trust One, not Trust Two. It did not convey the deed to Trust Two merely because both trusts had the same trustee, BONYM. When ruling on the motion to dismiss, the District Court had to assume that the two trusts were separate entities, because Weinsheimer alleged they were. *United States v. Richie,* 342 F.3d 903, 908 (9th Cir. 2003).

-21-

Assignment Two, signed October 6, 2011, was invalid because it tried to assign the Weinsheimer deed of trust and promissory note to Trust Two. 2 AER 103. By this point, the District Court found, the deed of trust already had been assigned to Trust One, a separate trust. 1 AER 101. "[O]nce a claim has been assigned, unless a contrary intention is shown, the assignment 'vests in the assignee the assigned contract or chose and all rights and remedies incidental thereto.'" *Sciarratta v. US Bank, N.A.,* 247 Cal.App.4th at 654, *quoting California Bank & Trust v. Piedmont Operating Partnership,* 218 Cal.App.4th 1322, 1347 (2013).

Weinsheimer alleged Assignment Two was void because it attempted to assign an asset already transferred to Trust One. 2 AER 64, at ¶¶ 26-29, 2 AER 65, at ¶¶ 30-31. This Assignment included no factual recitation that identified the assignor as legitimately empowered to make the assignment.

The District Court attempted to escape invalidity of Assignment Two by noting that, by Weinsheimer's admission, Assignment One validly transferred the deed of trust to BONYM, who was the main defendant in case and the trustee

for the two trusts. 1 AER 6. But, Trust One was distinct from Trust Two. It did not matter if BONYM was the trustee for both trusts; the trusts still were different. BONYM was the trustee for two distinctly described entities. Although BONYM may have been the trustee for these two entities, that fact did not give it the authority to act on behalf of both trusts as though they were one entity.

Even if Weinsheimer conceded that Assignment One was valid, that admission does not undermine her complaint. She sued BONYM as the trustee for Trust Two. She alleged that Trust Two, not Trust One, had started the foreclosure and continued to prosecute it without owning her deed of trust. 2 AER 64, at ¶¶ 26-29, 2 AER 65, at ¶¶ 30-31. She did not allege that Trust One was pursuing foreclosure and never made Trust One a party to the case. 2 AER 61, at ¶¶ 9-10.

It is irrelevant that Trust One might have held the beneficial interest in Weinsheimer's deed of trust because Weinsheimer did not challenge its power to foreclose. Her SAC only attacked Trust Two's claim it had the power to foreclose. Because Weinsheimer alleged Trust Two lacked that power, she

-23-

could sue under California law.  *Yvanova v. New Century Mortgage Corp.,* 62 Cal.4th at 942.

### III. Assignment Three was void because it transferred the deed of trust, but not the promissory note.

The defendants will argue that, if Assignment Two was void because it tried to transfer the deed of trust after it already had been transferred, Assignment Three corrected the error. But, Assignment Three is void for another reason.

The first two assignments had language that transferred both the Weinsheimer deed of trust and the promissory note. Assignment One conveyed the deed of trust "Together with the note or notes therein described or referred to, the money due and to become due thereon with the interest. . .."  2 AER 101. Assignment Two contained similar language: "together with the note(s) and obligations therein described and the money due and to become due thereon with interest. . .."  1 AER 103.

Assignment Three has no such language.  It merely transferred "all its rights, title and interest in and to said deed of Trust. . .."  2 AER 106.  This language did not assign the note, but only the deed of trust.

In California, transfer of a loan secured by real property requires assignment of the promissory note. "The deed of trust, moreover, is inseparable from the note it secures, and follows it even without a separate assignment." *Yvanova,* 62 Cal.4th at 927.

When an assignment of a deed of trust does not contain language transferring the promissory note, the assignment is void. "In any event, Kelley's purported assignment of the mortgage without an assignment of the debt which it secured was a legal nullity." *Kelley v. Upshaw,* 39 Cal.2d 179, 192 (1952).

Other courts follow the same rule. For example, the Bankruptcy Appellate Panel held in *In re Veal,* 450 B.R. 897, 915-916 (9th Cir. BAP 2011):

> The key to this argument is that, under the common law generally, the transfer of a mortgage without the transfer of the obligation it secures renders the mortgage ineffective and unenforceable in the hands of the transferee. *Restatement (Third) of Property (Mortgages) § 5.4 cmt. e* (1997) ("in general a mortgage is unenforceable if it is held by one who has no right to enforce the secured obligation"). As stated in a leading real property treatise: "When a note is split from a deed of trust "the note becomes, as a practical matter, unsecured." Additionally, if the deed of trust was assigned without the note, then the assignee, "having no interest in the underlying debt or obligation, has a worthless piece of paper." (Citations omitted.)

Because Assignment Three did not transfer the Weinsheimer promissory note, it did not transfer the power to foreclose. The assignment was void. *Yvanova v. New Century Mortgage Corp.,* 62 Cal.4th at 935.

BONYM and the other defendants may contend that, even if Assignment Three was void because it did not transfer the note, Assignment Two remains valid. But, Weinsheimer alleged that assignment was void because the deed of trust already had been transferred through Assignment One to an entirely different entity. There was nothing to assign, making Assignment Two void. *Sciarratta v. US Bank, N.A.,* 247 Cal.App.4th at 564.

### IV. Assignment One was invalid because it assigned the deed of trust to an entity that did not exist.

The District Court should not have dismissed the SAC if the complaint could have been amended to state a valid claim for relief. *Intri-Plex Techs., Inc. v Crest Group, Inc.,* 499 F.3d at 1056.

Weinsheimer's SAC did not allege that Trust One did not exist and that any assignment of her deed of trust to a non-existent entity was void. But, the SAC contained the elements of that challenge. The SAC posed the question: why three assignments? 2 AER 64, at ¶¶ 26-29, 2 AER 65, at ¶¶ 30-31. The answer is that BONYM or its agents saw a flaw in Assignment One and tried to correct that flaw through Assignments Two and Three.

What could that flaw have been? There are some similarities between the names of Trust One and Trust Two, for example. Both use the words "CWMB 2005 HYB5." 2 AER 101, 103. Assignment One may have meant to name Trust Two as the assignee, but omitted key words from the name of the trust. The implication is that Assignment One was invalid because it

assigned the deed of trust to an entity that did not exist as identified in the Assignment. That two more assignments were issued suggests that the defendants were trying to correct the error.

Even were the defendants trying to fix a mistake, however, Assignment One purportedly conveyed Weinsheimer's deed of trust to a non-existent entity. That flaw made the assignment void, because an entity that did not exist had no power "to instruct the trustee to commence and complete a foreclosure." *Yvanova v. New Century Mortgage Corp.,* 62 Cal.4[th] at 935. Weinsheimer could amend her SAC to make this charge, making dismissal improper.

## V.   Because Weinsheimer alleged the assignments were void, she alleged claims under Civil Code sections 2924 (a) (6) and 2924.17 (b).

Weinsheimer alleged all three assignments were void. 2 AER 64, at ¶¶ 26-29, 2 AER 65, at ¶¶ 30-31. Assignment Two was void for trying to transfer an asset already conveyed. Assignment Three was void because it transferred only the deed of trust, not the promissory note. Assignment One was void because two later assignments implied the first assignment

conveyed the deed of trust to a non-existent party as identified in the assignment. 2 AER 64, at ¶¶ 26-29, 2 AER 65, at ¶¶ 30-31. Because those assignments were void, Weinsheimer alleged the defendants had no power to foreclose. As the District Court recognized, if this central factual allegation were accepted as true, Weinsheimer could state a valid claim for relief. 1 AER 6.

Weinsheimer recognizes that she does not yet have a wrongful foreclosure claim, because no foreclosure has taken place. *Lucioni v. Bank of America,* 3 Cal.App.5th 150, 158 (2016). (But, should a foreclosure sale occur before the Court decides her appeal, she reserves the right to argue she has stated a wrongful foreclosure claim.) She has, however, alleged a violation of California Civil Code section 2924 (a) (6), which states: "No entity shall record or cause a notice of default to be recorded or otherwise initiate the foreclosure process unless it is the holder of the beneficial interest under the mortgage or deed of trust. . .."

Weinsheimer alleged in her SAC that BONYM, as trustee for Trust Two, was not the "holder of the beneficial interest under" her deed of trust because it was relying on two void

assignments, Assignment Two and Assignment Three. Both assignments were void because they tried to transfer her deed of trust when it already had been purportedly transferred to another party, Trust One. 2 AER 67, at ¶¶ 41-43, 2 AER 68, at ¶¶ 44-47. And, Assignment Three was void because it assigned the deed of trust, but not the promissory note. *Ibid.*

Because BONYM did not hold the "beneficial interest" of her deed of trust, it violated § 2924 (a) (6) by directing Trustee Corps to issue the notice of default, which started the foreclosure process. *Ibid.*

The next question is: What remedy does Weinsheimer have for a violation of section 2924 (a) (6)? *Lucioni v. Bank of America,* 3 Cal.App.4th at 157-158, holds that section 2924 (a) (6) allows no injunction as a remedy. However, Weinsheimer also alleged a violation of California's Unfair Competition Law (or "UCL"), Business & Professions Code sections 17200 *et seq.,* which provides a potential remedy. 2 AER 71, ¶¶ 61-62, 2 AER 72, ¶¶ 63-65.

A plaintiff can state a claim for relief under the UCL, including a claim for an injunction, if she pleads a violation of

another statute.  *Rose v. Bank of America,* 57 Cal.4th 390, 394-396 (2013).  The UCL permits a plaintiff to seek an injunction even if that other statute allows no private cause of action for an injunction or damages.  *Rose v. Bank of America,* 57 Cal.4th at 396.

In *Rose,* for example, the California Supreme Court upheld a plaintiff's cause of action for violation of the UCL based on the defendants' violation of a section of the Truth in Lending Act ("TILA").  *Rose v. Bank of America,* 57 Cal.4th at 396.  It permitted that cause of action even though the TILA section granted no private cause of action for any relief.

The same result follows here.  Under *Lucioni v. Bank of America,* 3 Cal.App.5th at 158-159, Civil Code section 2924 (a) (6) does not grant injunctive relief.  But, violation of that statute is also an illegal act under the UCL.  *Rose v. Bank of America,* 57 Cal.4th at 394.  The UCL allows a claim for an injunction, even if section 2924 (a) (6) does not.

Section 2924 (a) (6) also should be interpreted to give Weinsheimer a cause of action for damages. "A private right of action may inhere in a statute, otherwise silent on the point,

**-31-**

when such a cause of action is necessary to achieve the statute's policy objectives. [¶] That is, the absence of an express right of action is not necessarily preclusive of such a right." *Mabry v. Superior Court,* 185 Cal.App.4th 208, 218 (2010) (citations omitted). Another rule "looks to whether a private remedy is 'appropriate' to further 'the purpose of the legislation' and is 'needed to assure the effectiveness of the provision.'" *Mabry v. Superior Court, supra*.

Section 2924 (a) (6) sets down a public policy that only entities that own a loan have the power to start a foreclosure. But, it does not set out a detailed procedure for enforcement. For example, it does not specify if any governmental agency can prosecute violations of the statute. Without an enforcement scheme, the Legislature left enforcement to private parties, like borrowers. *Mabry v. Superior Court, supra.* These private parties must have a cause of action for damages; otherwise, enforcement becomes impossible. *Ibid.* Because a cause of action for damages is the only to enforce section 2924 (a) (6), a borrower should be able to sue for violation of the statute. Weinsheimer has a damage claim under section 2924 (a) (6).

Weinsheimer also states a claim for violation of section 2924.17 (b). This statute provides: "Before recording or filing any of the documents described in subdivision (a), a mortgage servicer shall ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information."

The SAC charged that all the defendants, including Shellpoint, the loan servicer, violated section 2924.17 (b) because they never reviewed competent evidence that established they had the power to foreclose. They relied only on Assignments Two and Three, which were void. 2 AER 69, at ¶¶ 52-53, 2 AER 70, at ¶¶ 54-56. "Therefore, by attempting to serve and record the 'Notice of Default and Election to Sell Under Deed of Trust' when Defendants should have know[n] about these void assignments, Defendants' actions were in violation of Section 2924.17." 2 AER 70: 19-22.

A plaintiff can seek an injunction for a violation of section 2924.17 (b), even before a foreclosure sale has occurred. See California Civil Code section 2924.12 (a) (1). And, violating

section 2924.17 (b) also violates the UCL, because it is an "illegal" act under the UCL. *Rose v. Bank of America,* 57 Cal.4th at 396. Weinsheimer has pleaded a claim for violation of section 2924.17 (b) and a claim under the UCL.

The defendants may object that Weinsheimer cannot ask for injunctive relief because she requested no injunction in her SAC. 2 AER 73. But, a motion to dismiss can be granted only if a complaint cannot be saved by any possible amendment. *Intri-Plex Techs., Inc. v Crest Group, Inc.,* 499 F.3d at 1056. Weinsheimer has shown that her SAC states claims under California Civil Code sections 2924.17 (b) and 2924 (a) (6). She should be allowed to amend her SAC to request an injunction.

## CONCLUSION

The defendants claimed to have the power to foreclose under several assignments. Weinsheimer alleged why each assignment was void. That allegation gave her a claim for relief under California law. The District Court erred in granting the motion to dismiss.

Plaintiff and appellant DIANE WEINSHEIMER respectfully requests that the judgment of dismissal be reversed and that she be allowed to amend her complaint to state a claim for an injunction.

Dated:  October 31, 2017       LAW OFFICE OF
                                          RICHARD L. ANTOGNINI

                            By:

                                 /s/ Richard L. Antognini
                                 Richard L. Antognini
                                 Attorneys for Appellant
                                 DIANE WEINSHEIMER

**CERTIFICATE OF RELATED CASES**
**CIRCUIT RULE 28-2.6**

Pursuant to Ninth Circuit Rule 28-2.6, appellant states

that there are no related cases pending in this Court.

Dated:  October 31, 2017        LAW OFFICE OF
                                    RICHARD L. ANTOGNINI

                       By:

                              <u>/s/ Richard L. Antognini</u>
                              Richard L. Antognini
                              Attorneys for Appellant
                              DIANE WEINSHEIMER

**RULE 32 CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limit of Fed. R. App. P. 32 (a) (7) (B) because this brief consists of 6,425 words, as counted by the Microsoft Word program used to generate the brief.

In addition, this brief complies with the typeface requirements of Fed. R. App. P. 32 (a) (5) and the type style requirements of Fed. R. App. P. 32 (a) (6) because the brief was prepared in a proportionally spaced typeface using Microsoft Word Georgia 14 point.

Dated: October 31, 2017     LAW OFFICE OF
                                         RICHARD L. ANTOGNINI

                        By:

                               <u>/s/ Richard L. Antognini</u>
                               Richard L. Antognini
                               Attorneys for Appellant
                               DIANE WEINSHEIMER

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing Opening Brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on October 31, 2017.

I certify that all participants are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system.

Dated: October 31, 2017          LAW OFFICE OF
                                 RICHARD L. ANTOGNINI

                      By:
                                 /s/ Richard L. Antognini
                                 Richard L. Antognini
                                 Attorneys for Appellant
                                 DIANE WEINSHEIMER